NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**REGINALD HILL,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3024

---

Petition for review of the Merit Systems Protection Board in case no. AT3330110408-I-1.

---

Decided: May 14, 2012

---

REGINALD HILL, of West Palm Beach, Florida, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, LINN, and O'MALLEY, *Circuit Judges*.

PER CURIAM

Reginald Hill appeals the Merit Systems Protection Board's ("Board") decision affirming the administrative judge's ("AJ") dismissal of his claim for relief under the Veterans Employment Opportunities Act ("VEOA") for lack of jurisdiction. We affirm the Board's decision because Mr. Hill failed to exhaust the administrative remedy required by 5 U.S.C. § 3330a(a)(2)(A).

BACKGROUND

Mr. Hill is an Accounts Receivable Technician and has been employed by the Veterans Affairs Medical Center, West Palm Beach division, since 2004. During that period, Mr. Hill has applied—and not been selected—for numerous vacancies within the United States government. On February 8, 2011, Mr. Hill filed an appeal with the Board alleging that his failure to be selected for these vacancies constituted a violation of the VEOA. Mr. Hill argued to the Board, in part,[1] that the agency "willfully obstructed Appellant's right to compete for employment dating back from 2004 to present….The last violation occurring on September 13, 2010, when the Appellant was advised that vacancy announcement number ES-10-98 for the position of Prosthetics Representative, GS-7; target 9 or GS-9 was cancelled." RA-18-19.

As this appeal sought administrative redress under the VEOA, the AJ issued an order explaining the requirements for establishing the Board's jurisdiction over a claim under the VEOA. The order directed Mr. Hill to provide evidence and argument to establish the Board's

---

[1] A separate whistleblower appeal was also opened under MSPB Docket Number AT1221- 11-0409-W-l.

jurisdiction. In his response, Mr. Hill recognized his need to exhaust his administrative remedies with the DOL in order to establish jurisdiction, but stated that he did not file a complaint with the DOL because he received a letter dated May 19, 2009, indicating that Announcement No. 08-269 (Prosthetic Representative Intern) was cancelled.[2] Instead, Mr. Hill argued that "he filed an EEO[3] under the agency," and appeared to assert that this filing satisfied his obligation to exhaust his administrative remedy with the DOL.

On March 10, 2011, the Department of Veterans Affairs filed a motion to dismiss, arguing that "the appellant admits in his response that he has not exhausted the Department of Labor's remedy. Accordingly, this appeal should be dismissed as a matter of law." Mr. Hill opposed the agency's motion, again conceding that no complaint was filed with the DOL, but alleging that equitable tolling excused that failure. Specifically, Mr. Hill contented that he did not file a complaint because he was notified that Announcement No. 08-269 was cancelled, and that he "discovered much later that the position had been filed with (Patricia Fields) through 'trickery' by the Human Resources Department in allowing the filing time to pass by the content of the rejection letter dated May 19, 2009."[4]

---

[2]    The petitioner also referenced other vacant positions for which he was allegedly denied the opportunity to compete, but does not assert that any complaints relating to those positions were filed with the DOL.

[3]    Mr. Hill filed an Equal Employment Opportunity ("EEO") complaint against the Department of Veterans Affairs on September 30, 2010. RA-21

[4]    The Agency notes in its motion to dismiss that Announcement No. 10-98 was cancelled because it was posted in error. Mr. Hill did not challenge that assertion

In an Initial Decision dated March 14, 2011, the AJ dismissed Mr. Hill's appeal for lack of jurisdiction. The AJ concluded that Mr. Hill failed to exhaust his administrative remedy under 5 U.S.C. § 3330a(a)(2) and that the Board, therefore, lacked jurisdiction to address Mr. Hill's VEOA claim. The AJ also acknowledged Mr. Hill's claim of "trickery," but found that "[i]n light of the appellant's admission he did not file[] a written complaint with DOL," Mr. Hill had failed to establish the Board's jurisdiction over his VEOA appeal. Mr. Hill filed a petition for review on March 19, 2011 in which he argued that the AJ did not fully address his argument of "trickery" and that the dismissal was based only on Announcement No. 10-98 and not Announcement No. 08-269. The agency responded that Mr. Hill failed to demonstrate that new and material evidence was available or that the AJ misapplied the law.

On September 30, 2011, the Board issued a Final Order affirming and modifying the Initial Decision. While the Board acknowledged that Mr. Hill may have a non-frivolous claim that he was not selected for a position unfairly, it "fail[ed] to see how the agency's cancellation of the vacancy announcement for the Prosthetics Representative Intern position and subsequent selection of a non-preference eligible to fill the position can properly be characterized as tricking the appellant into allowing the deadline for filing a VEOA complaint with DOL to pass." The Board found, therefore, equitable tolling would be inappropriate here and that Mr. Hill did not exhaust his administrative remedy by filing a VEOA complaint with the DOL, and affirmed the AJ's dismissal for lack of jurisdiction. Mr. Hill filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

---

in response, and focused his opposition only on Announcement No. 08-269.

DISCUSSION

We review a determination of the Board's jurisdiction de novo. *See Stoyanov v. Dep't of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a). As the petitioner, Mr. Hill bears the burden of proving by preponderant evidence that the Board has jurisdiction. 5 C.F.R. § 1201.56(a)(2). To establish Board jurisdiction over an appeal brought under the VEOA, an appellant must (1) show that he exhausted his remedies with the DOL and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veteran's preference. *See* 5 U.S.C. §§ 3330a; 5 C.F.R. § 1208.2(b); *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012).

The parties dispute whether Mr. Hill exhausted his remedies with the DOL, and whether equitable tolling of the 60 day statute of limitations is available to Mr. Hill. Under the VEOA, as an administrative remedy, a preference-eligible veteran may file a complaint with the DOL alleging that an agency has violated that individual's rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(a)(1)(A). Any such complaint must be filed within 60 days of the date of the alleged violation. *Id.* § 3330a(a)(2)(A). If DOL does not resolve the complaint within 60 days of its filing, the veteran may appeal the violation to the Board after first providing written notification to DOL that the veteran intends to appeal. *Id.* § 3330a(d). No appeal to the Board may be taken under the VEOA before that administrative remedy is exhausted. *See e.g.*, *Downs v. Dep't of Veterans Affairs*, 110 M.S.P.R. 139, 143 (2008).

The record is clear that Mr. Hill failed to file any complaint with the DOL prior to appealing to the Board under the VEOA.  This fact alone is fatal to the jurisdictional question at issue here.  Absent exhaustion of the administrative remedy—filing of a complaint with the DOL—the Board simply has no jurisdiction to hear Mr. Hill's appeal.  Mr. Hill argues that equitable tolling should apply, but without a filed complaint with the DOL there is no date to be tolled.  Had Mr. Hill filed an untimely DOL complaint, the Board may have heard his appeal, and could have examined whether equitable tolling of the statute of limitations was appropriate.  *See Washington v. Dep't of Veterans Affairs*, 2012 MSPB LEXIS 1044 (M.S.P.B. Feb. 23, 2012) citing *Garcia v. Dep't of Agricul.*, 110 M.S.P.R. 371, 376, 380 (2009).  But equitable tolling cannot apply to a non-existent complaint.[5]

While we have recognized that the 60-day period for filing with DOL is subject to equitable tolling, moreover, we find that, even if Mr. Hill had filed an untimely complaint with the DOL, equitable tolling is unavailable in this matter.  *See Kirkendall v. Dep't of the Army*, 479 F.3d 830, 844 (Fed. Cir.) (en banc), cert. denied, 552 U.S. 948 (2007)).  As the Supreme Court has explained, "Federal courts have typically extended equitable relief only sparingly…allow[ing] equitable tolling in situations where the claimant has actively pursued his judicial remedies by

---

[5]    Mr. Hill has argued that he filed "an EEO under the agency," but this filing is not sufficient to exhaust his administrative remedy through the DOL.  To the extent Mr. Hill was attempting to appeal a decision—or lack thereof—of the Equal Employment Opportunity Commission, the Partial Acceptance of EEO Complaint Case No. 2001-0548-2010104554, dated December 15, 2010, clearly informed Mr. Hill of the appropriate procedure and appellate rights.  RA-21-28.

filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). We review the Board's decision not to waive its regulatory filing deadline for an abuse of discretion. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (stating that waiver of the regulatory time limit for filing an appeal to the Board "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board").

In its Final Order, the Board determined that the application of equitable tolling would be inappropriate here. The Board considered Mr. Hill's argument that "the agency tricked him into allowing the deadline for filing a complaint with DOL to pass by canceling a vacancy announcement for a Prosthetics Representative Intern position on May 19, 2009, and subsequently appointing a non-preference eligible to fill that position," and found this argument lacked merit. RA-8.

We see no abuse of discretion in the Board's finding. Even assuming that the cancellation of Announcement No. 08-269 was the reason that Mr. Hill did not timely file a complaint with the DOL, Mr. Hill has made no showing that any misconduct occurred nor has he provided any explanation for his lack of diligence in filing a complaint with the DOL subsequent to discovering the alleged misconduct. Mr. Hill's apparent contention that he exhausted his administrative remedy via filing an EEO complaint is similarly without merit; a mistaken belief as to the significance of that filing cannot form the basis of equitable tolling. Indeed, Mr. Hill was informed of the proper procedure for exhausting his administrative remedy subsequent to his filing of an EEO complaint. The U.S. Office of Special Counsel specifically notified Mr. Hill

on November 19, 2010 that he must file a complaint with the DOL to pursue any VEOA claim for a violation of a veterans' preference requirement. Yet there is no indication that Mr. Hill diligently pursued a claim with the DOL even from that date forward, meaning that any equitable tolling that could have applied to these facts has long since expired.

For the foregoing reasons, the Board's dismissal of Mr. Hill's appeal is *affirmed.*

### AFFIRMED

COSTS

Each party shall bear its own costs.