NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY KENNINGTON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3192

---

Petition for review of the Merit Systems Protection Board in Case No. DE1221100502-W-1.

---

Decided: December 13, 2011

---

TERRY KENNINGTON, of Salt Lake City, Utah, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, CLEVENGER, and LINN, *Circuit Judges*.

PER CURIAM.

## DECISION

Petitioner Terry Kennington appeals from a decision of the Merit Systems Protection Board dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Kennington was employed as a Supervisory Data Transcriber by the Internal Revenue Service from January to June of 2009. Early in his employment, Mr. Kennington attended an introductory meeting with other employees during which he claimed that he had previously worked as a psychic; that he could communicate with angels, God, and Jesus; that he had visions; that he was a very religious person; and that he was not married. Subsequently, his superiors instructed him not to discuss such topics with other employees.

In late May 2009, Mr. Kennington sent several emails to members of the agency's criminal investigation unit in which he identified several companies that he believed were evading taxes or otherwise violating the law. The companies identified were private entities, one of which was a former employer of Mr. Kennington. Mr. Kennington claims that on June 17, 2009, he disclosed to his supervisor that he had sent those emails; he also disclosed that he felt that he was being harassed and discriminated against in various ways, including by being prohibited from discussing his religious beliefs with other employees. The next day, Mr. Kennington's employment was terminated because of inappropriate behavior and

disruptive comments. His termination letter identified three occasions on which Mr. Kennington had made inappropriate comments or engaged in disruptive behavior.

On December 4, 2009, Mr. Kennington filed a complaint with the Office of Special Counsel ("OSC") regarding his termination. In the letter, he alleged that he had been terminated because of the emails he sent to the criminal investigation unit and because he had filed discrimination complaints against the agency. On May 19, 2010, the OSC notified Mr. Kennington that it was closing its investigation into his allegations because he had failed to respond to a request for additional information. The OSC advised him at that time that he could seek corrective action from the Merit Systems Protection Board based on his allegation that he was subjected to reprisal for whistleblowing.

Mr. Kennington subsequently filed an IRA appeal with the Board pursuant to 5 U.S.C. § 1221(a) alleging violations of the Whistleblower Protection Act ("WPA"). The essence of his claim was that he had been terminated because of the emails he sent to the criminal investigation unit and that he had been discriminated against on the basis of sex and religion. The administrative judge who was assigned to Mr. Kennington's case determined that the Board did not have jurisdiction over his claims. After the full Board denied Mr. Kennington's petition for review, he sought review by this court.

## DISCUSSION

To establish that the Merit Systems Protection Board had jurisdiction over his IRA appeal, Mr. Kennington was required (1) to show that he had exhausted his adminis-

trative remedies before the OSC and (2) to make non-frivolous allegations that he made a protected disclosure and that the disclosure contributed to the agency's decision to remove him. *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Mr. Kennington presents several arguments on appeal. We reject each of them.

1. Although Mr. Kennington contends that the Board improperly determined that he did not make protected disclosures of abuse of authority by agency officials, the Board determined that it lacked jurisdiction over that claim because Mr. Kennington had not presented it to the OSC. Allegations not first presented to the OSC must be dismissed for lack of jurisdiction. *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1037 (Fed. Cir. 1993). Because Mr. Kennington has not shown that he presented his claim regarding disclosures of abuse of authority to the OSC, we uphold the Board's dismissal order.

Mr. Kennington also contends that he reported violations of the Restructuring and Reform Act of 1998, and that those reports constituted protected disclosures under the WPA. It appears that Mr. Kennington is raising this claim for the first time before this court and that it was not presented to the OSC. Accordingly, that claim also must be dismissed for lack of jurisdiction.

2. Mr. Kennington maintains that his emails to the agency's criminal investigations unit were protected disclosures under the WPA. The Board held that those disclosures were not protected because they concerned private entities and did not involve any governmental conduct. The Board's ruling on that point is consistent with the language of the WPA and decisions by the Board applying the statute. *See, e.g., Voorhis v. Dep't of Home-*

*land Sec.*, 116 M.S.P.R. 538, 551 (2011); *Ivey v. Dep't of the Treasury*, 94 M.S.P.R. 224, 229 (2003). The Board properly rejected Mr. Kennington's claim with regard to those disclosures.

3. Mr. Kennington next asserts that the Board erroneously determined that it lacked jurisdiction over his constitutional claims of freedom of speech and religion. The Board has held, however, that "allegations that the agency violated the First Amendment . . . may not be heard in the context of an IRA appeal." *See Van Ee v. Envtl. Prot. Agency*, 64 M.S.P.R. 693, 699 (1994). Because such claims do not fall within the scope of the WPA, the Board did not err in dismissing Mr. Kennington's First Amendment claims for lack of jurisdiction.

4. In a supplemental letter to this court dated September 2, 2011, Mr. Kennington argued that the agency violated his rights to due process and equal protection by restricting his speech regarding his religious beliefs. Those claims apparently were not presented to the OSC or to the Board, but in any event those claims—like Mr. Kennington's First Amendment claims—do not fall within the scope of an IRA appeal, which is limited to personnel actions taken in reprisal for protected disclosures. *See Marren v. Dep't of Justice*, 51 M.S.P.R. 632, 637 (1991), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table). In sum, Mr. Kennington has not shown that the Board committed error in dismissing his IRA appeal for lack of jurisdiction.

No costs.

**AFFIRMED**