NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**F. ALLAN MIDYETT,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2016-2225

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-12-0554-W-2.

---

Decided: December 9, 2016

---

F. ALLAN MIDYETT, Fayetteville, AR, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for the respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before PROST, *Chief Judge,* SCHALL, and STOLL,
*Circuit Judges.*

PER CURIAM.

Dr. F. Allan Midyett appeals a final decision of the Merit Systems Protection Board. The Board denied Dr. Midyett's petition for review and affirmed the initial decision. We affirm.

BACKGROUND

The Veterans Health Care System of the Ozarks hired Dr. Midyett as a radiologist on November 2, 2010, pursuant to the Department of Veterans Affairs' hiring authority under 38 U.S.C. § 7401(1). Dr. Midyett began a two-year probationary period, starting on November 21, 2010, as a condition for his employment.

In late 2011 and early 2012, the Chief of Radiology, Dr. Kathryn Witztum, and the Medical Center Director, Dr. Mark Enderle, oversaw a series of review procedures that culminated in the initiation of a Professional Standards Board to conduct a review of Dr. Midyett's performance during his probationary period and make recommendations concerning whether Dr. Midyett should be retained or separated from federal service. This review was held due to allegations of performance deficiencies in clinical ability, skills, and knowledge. On February 21, 2012, the Professional Standards Board concluded that Dr. Midyett had a repetitive pattern of concerning conduct, including errors in reports posing life-threatening harm to patients, and had provided substandard care. As a result, the VA discharged Dr. Midyett, effective April 6, 2012.

On August 1, 2012, Dr. Midyett filed an individual right of action ("IRA") appeal with the Board, claiming

*inter alia*, retaliation for whistleblower disclosures.[1] On March 8, 2013, the Administrative Judge dismissed Dr. Midyett's IRA appeal without prejudice pending the Board's decision in *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013), concerning the retroactivity of the Whistleblower Protection Enhancement Act of 2012 ("WPEA"). After the Board's decision in *Day*, Dr. Midyett's IRA appeal was redocketed.

On September 16, 2015, after conducting a three-day hearing, the AJ issued his initial decision. The AJ first determined that Dr. Midyett satisfied the minimum requirements for Board jurisdiction. Next, the AJ addressed the merits of Dr. Midyett's whistleblower allegations, determining that Dr. Midyett was subjected to personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A). The AJ further found that Dr. Midyett made protected disclosures and established by preponderant evidence that his protected disclosures were a contributing factor in some of the personnel ac-

---

[1] In addition to Dr. Midyett's IRA appeal, he filed two other appeals, one pursuant to the Veterans Employment Opportunities Act of 1998 ("VEOA") and another pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Both appeals were dismissed for lack of jurisdiction. *See Midyett v. Dep't of Veterans Affairs*, No. DA-4324-12-0568-I-1, 2013 WL 3814561 (M.S.P.B. Mar. 8, 2013); *Midyett v. Dep't of Veterans Affairs*, DA-3330-12-0569-I-1, 2014 WL 5305516 (M.S.P.B. Apr. 29, 2014), *aff'd*, 594 Fed. App'x 969 (2014). Dr. Midyett has also filed at least five civil actions asserting similar allegations in the United States District Court for the Western District of Arkansas, all of which have been dismissed. *See, e.g.*, *Midyett v. Levy*, No. 5:14–CV–05016, 2015 WL 4251144, *1 (W.D. Ark. July 13, 2015).

tions at issue. The AJ determined, however, that the agency presented clear and convincing evidence that it would have taken the same personnel actions, even absent Dr. Midyett's protected disclosures. Accordingly, the AJ denied Dr. Midyett's request for corrective action.

Dr. Midyett petitioned for review of the initial decision, asserting that the AJ made erroneous factual findings and failed to address his claims that the VA committed harmful procedural errors and violated his rights to due process in the process of his discharge. Dr. Midyett also asserted that new and material evidence was available that was unavailable when the record closed, despite his due diligence.

The Board denied the petition for review and affirmed the initial decision. *Midyett v. Dep't of Veterans Affairs*, No. DA-1221-12-0554-W-2, 2016 WL 3035543 (M.S.P.B. May 26, 2016). The Board held that the AJ's failure to discuss Dr. Midyett's due process and harmful procedural error claims did not warrant reversal of the initial decision because such "claims may not be heard in the context of an IRA appeal." *Id.* ¶ 7 (citing *Hugenberg v. Dep't of Commerce*, 120 M.S.P.R. 381, ¶ 24 (2013)). The Board further held that, assuming that the AJ made erroneous factual findings, these alleged errors were not prejudicial to Dr. Midyett's substantive rights and did not provide a basis for reversing the initial decision. *Id.* ¶ 8. Finally, the Board considered Dr. Midyett's purportedly new evidence and determined that it did not warrant a different outcome. *Id.* ¶ 17.

Dr. Midyett appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review decisions of the Board on a limited basis, setting aside Board actions, findings, or conclusions only if we find them to be "(1) arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Dr. Midyett does not allege any errors of law or erroneous factual findings by the Board related to his whistleblower allegations. For example, he does not challenge the Board's finding that the agency presented clear and convincing evidence that it would have taken the same personnel actions, even absent Dr. Midyett's protected disclosures. Rather, Dr. Midyett reasserts that the VA violated his rights to due process and committed harmful procedural errors in the process of his discharge.

This case involves review of an IRA appeal. In an IRA appeal, the Board's scope of review is limited to the merits of the whistleblower allegations. *See Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1366 (Fed. Cir. 1998); *Kennington v. Merit Sys. Prot. Bd.*, 456 Fed. App'x 899, 902 (Fed. Cir. 2011) (holding that petitioner's claims that the agency violated his rights to due process "do not fall within the scope of an IRA appeal, which is limited to personnel actions taken in reprisal for protected disclosures"). Thus, because Dr. Midyett's claims—that the VA violated his rights to due process and committed harmful procedural errors—fall outside of the Board's scope of review in an IRA appeal, the Board did not err by refusing to address these claims.

We have carefully considered Dr. Midyett's remaining arguments and determined that they lack merit.

CONCLUSION

For the reasons stated above, we affirm.

**AFFIRMED**

COSTS

No costs.