**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRIAN D. MARSHALL,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DE-1221-17-0386-W-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>　　　　　　Agency. | DATE: March 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joshua L. Klinger, Esquire, Denver, Colorado, for the appellant.

Ernest J. Walker, Lakewood, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the statute at 5 U.S.C. § 2302(f)(2) does not apply to this matter and to supplement the administrative judge's analysis of the agency's clear and convincing burden, we AFFIRM the initial decision.

## BACKGROUND

The following facts, as recited in the initial decision, are generally undisputed. Initial Appeal File (IAF), Tab 52, Initial Decision (ID). The appellant became a GS-14 Supervisory Physical Scientist in 2010, and his major duties involved managing operations in the Energy Geochemistry Laboratory (EGL) and supervising its personnel. ID at 2; Hearing Transcript (HT) at 161 (testimony of the appellant). From 1996-2008, before the appellant occupied this supervisory position, there was a significant data manipulation incident at the laboratory. ID at 4. On October 16, 2014, the appellant was informed by a subordinate employee that there was laboratory data manipulation by another employee. ID at 3. The appellant made four disclosures based on this information. ID at 3-4. The agency's Scientific Integrity Review Panel (SIRP) issued a report in September 2015. ID at 4. The SIRP report included negative findings about the appellant's management of the laboratory, including his failure to implement effective measures to prevent a data manipulation reoccurrence, and it recommended the immediate shutdown of the EGL Inorganic Chemistry

Laboratory. ID at 4-5; IAF, Tab 13 at 158-80. The agency announced the laboratory's closure in January 2016. ID at 5-6; IAF, Tab 13 at 136-37. In late 2016, the agency proposed to the appellant and effected a 14-day suspension based on the appellant's negligence as a laboratory manager. ID at 6; IAF, Tab 13 at 23-29, 80-88. The appellant also received a Fully Successful FY 2016 performance rating, which was lower than his previous ratings. ID at 6; IAF, Tab 33 at 79. The appellant requested reconsideration of the performance rating, which was denied. ID at 6; IAF, Tab 19 at 25, Tab 34 at 24-28.

After filing a complaint with the Office of Special Counsel, the appellant filed an IRA appeal, in which he alleged that the agency proposed and effected a 14-day suspension and issued to him a FY 2016 Fully Successful performance rating in reprisal for his whistleblowing disclosures. ID at 6; IAF, Tab 1. After a hearing was held, the administrative judge found that the appellant proved by preponderant evidence that he made four whistleblowing disclosures that were protected by 5 U.S.C. § 2302(b)(8), and these disclosures were a contributing factor in the three personnel actions. ID at 1, 6-9. The administrative judge also found that these disclosures were made in the normal course of the appellant's duties. ID at 9-12. The administrative judge further found that the appellant failed to prove that the agency took the actions against him "in reprisal for" his disclosures pursuant to 5 U.S.C. § 2302(f)(2). ID at 12-14. Alternatively, the administrative judge determined that, even if the appellant satisfied his burden, the appellant was not entitled to corrective action. ID at 14-16.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 3, 5-6. On petition for review, the appellant argues that his whistleblowing disclosures were not made during the normal course of his duties, he proved that his whistleblowing disclosures were a contributing factor in the personnel actions taken against him, and the agency did not prove by clear and convincing evidence

that it would have taken the actions absent his whistleblowing disclosures. PFR File, Tab 3 at 16-30.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), an appellant may establish a prima facie case of retaliation for whistleblowing disclosures and/or protected activity by proving by preponderant evidence that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take or fail to take, a personnel action against him.[2]  5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).  If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the whistleblowing disclosure(s).[3]  5 U.S.C. § 1221(e)(2); *Webb*, 122 M.S.P.R. 248, ¶ 6.

Prior to the WPEA's enactment, disclosures made in the normal course of an employee's duties were not protected.  *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶¶ 10-12.  However, under a provision of the WPEA codified as 5 U.S.C. § 2302(f)(2), such disclosures are protected if the appellant shows that the agency took a personnel action "in reprisal for" the disclosures.

---

[2] Neither party challenges the administrative judge's finding that the appellant made four disclosures protected by 5 U.S.C. § 2302(b)(8) and that these disclosures were a contributing factor in the personnel actions.  ID at 7-8.  We affirm the initial decision in this regard.

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510 (2018), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

*Id.*, ¶ 10. This provision imposed an "extra proof requirement" for these types of disclosures such that an appellant to whom 5 U.S.C. § 2302(f)(2) applies must prove by preponderant evidence that the agency took a personnel action because of the disclosure and did so with an improper, retaliatory motive. *Id.*, ¶ 11 (discussing S. Rep. No. 112-155 at 5-6 (2012)).

The National Defense Authorization Act for Fiscal Year 2018 (2018 NDAA), signed into law on December 12, 2017, amended 5 U.S.C. § 2302(f)(2) to provide that disclosures "made during the normal course of duties of an employee, the principal job function of whom is to regularly investigate and disclose wrongdoing," are protected if the employee demonstrates that the agency took, failed to take, or threatened to take or fail to take a personnel action with respect to that employee in reprisal for the disclosures. *Salazar*, 2022 MSPB 42, ¶¶ 13-14; Pub. L. No. 115-91, § 1097(c)(1)(B)(ii), 131 Stat. 1283, 1618 (2017) (emphasis omitted). As we held in *Salazar*, 2022 MSPB 42, ¶¶ 15-21, the 2018 NDAA's amendment to 5 U.S.C. § 2302(f)(2), which clarified the prior version of that statute enacted in the WPEA, applies retroactively to appeals pending at the time the statute was enacted.

The initial decision was issued on November 22, 2017, a few weeks before the 2018 NDAA took effect and well before we issued the decision in *Salazar*. Therefore, the administrative judge did not have the benefit of the change in statutory language or our subsequent analysis in *Salazar*.

Due to the 2018 NDAA's clarifying amendment to 5 U.S.C. § 2302(f)(2) and our decision in *Salazar*, we find that the appellant was not required to meet the higher burden of proof that the personnel actions were taken in reprisal for his disclosures. As *Salazar*, 2022 MSPB 42, ¶¶ 11, 13-14, made clear, the "extra proof" requirement in section 2302(f)(2) only applies to an employee whose principal job function is to regularly investigate and disclose wrongdoing. We have carefully reviewed the appellant's position description, IAF, Tab 13 at 232-37, but we do not find any evidence that the appellant's principal job

function was to regularly investigate and disclose wrongdoing. Rather, the appellant's position description established that his principal job function was to serve as the manager of the Energy Resources Program Geochemical Laboratory. *Id.* at 233. As the manager, the appellant was expected to, among other things, "represent[] the laboratories national and internationally," "work[] with scientists and upper level management to make policy decisions and guide research directions," and he was "responsible for all aspects of lab functionality and complete supervision." *Id.* In this regard, the appellant (1) worked with and provided expert advice to scientists, other Federal agencies, state and local government organizations, private laboratories, and industry on analytical methodology and instrumentation, (2) planned and conducted nationally and internationally recognized research investigations aimed at developing and evaluating relevant analytical procedures, (3) supervised personnel, (4) managed laboratory operations, and (5) planned and managed the geochemistry laboratory budget, scientific equipment, and laboratory facilities. *Id.* at 234. Because the appellant's principal job function was not to regularly investigate and disclose wrongdoing, the appellant's disclosures fall under the generally applicable 5 U.S.C. § 2302(b)(8), not section 2302(f)(2). We vacate the administrative judge's analysis that is contrary to our finding in this regard. Because we have found that section 2302(f)(2) is not applicable, we need not address the appellant's argument that his disclosures were not made in the normal course of his duties. PFR File, Tab 3 at 16-18; ID at 9-12.

Having found that the appellant proved that his four disclosures were a contributing factor in the proposed and effected 14-day suspension and the FY 2016 Fully Successful performance rating, we now turn to the administrative judge's analysis of the agency's clear and convincing burden. In determining whether an agency has shown by clear and convincing evidence[4] that it would

---

[4] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard. 5 C.F.R.

have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 24. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Id.* The Board considers all of the evidence presented, including evidence that detracts from the conclusion that the agency met its burden. *Id.*; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

Regarding *Carr* factor 1, the administrative judge found that the agency proved the strength of its evidence in support of its actions "by far more than preponderant evidence." ID at 14-15. Regarding the 14-day suspension, the AJ found that the SIRP report,[5] in conjunction with the testimony of the Director and the deciding official, "conclusively established managerial negligence that could have easily supported a harsher penalty." ID at 15. The administrative judge credited the testimony of the deciding official who persuasively explained her rationale for the discipline and her evaluation of the relevant penalty factors, and he noted the appellant's concession that spot checks would have likely revealed the data manipulation. *Id.* Regarding the 2016 performance review, the administrative judge credited the Director's testimony that the response to the

---

§ 1209.4(e).

[5] Importantly, the administrative judge credited the SIRP report because it was authoritative and relied upon by the agency, consistent with the material evidence and corroborated by the agency witnesses, and prepared by an outside group of disinterested experts. ID at 4 n.4.

data manipulation reoccurrence was part of the appellant's management responsibilities. *Id.*

The appellant contends on review that the agency's case has minimal strength at best. PFR File, Tab 3 at 25-28. In pertinent part, he asserts that the agency cannot prove negligence because the SIRP report was flawed, no SIRP panel members testified at the hearing, and the witness testimony repeated the incorrect statements in the SIRP report. *Id.* at 25. He also contends that the agency committed a due process violation because he was charged with negligence, the deciding official considered his misconduct as a violation of the agency's Scientific Integrity Policy, and the agency gave him no notice of such a violation. *Id.* at 25-26.

We are not persuaded by the appellant's arguments on review. We have reviewed the SIRP report and the appellant's response. IAF, Tab 13 at 158-80, Tab 40 at 4-19. There appears to be no dispute that there were some errors in the SIRP report. Indeed, the Director acknowledged "inaccuracies" in the SIRP report, but he concluded that any inaccuracies "[did] not negate [the appellant's] lack of adequate supervision." IAF, Tab 38 at 145. Importantly, after the administrative judge credited the SIRP report, he noted that the appellant's criticisms of it did not undermine the fundamental findings and conclusions regarding the appellant's mismanagement of the Inorganic Chemistry Laboratory. ID at 4 n.4. We agree with the administrative judge in this regard. Moreover, the administrative judge found that the deciding official testified clearly, plausibly, and without contradiction on the appropriateness of the disciplinary action considering the appellant's broad laboratory management responsibilities. ID at 11. The administrative judge also credited the Director's testimony, in which he provided a balanced account of the appellant's strengths and weaknesses. ID at 14. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such

determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not identified such reasons.

Regarding due process, the Board's scope of review in an IRA appeal is limited to the merits of the whistleblower allegations. *Kewley v. Department of Health and Human Services*, 153 F.3d 1357, 1366 (Fed. Cir. 1998). The appellant's claim of a due process violation falls outside of the Board's scope of review in an IRA appeal. *Midyett v. Department of Veterans Affairs*, 666 F. App'x 905, 907 (Fed. Cir. 2016).[6] Therefore, we need not address this argument. We have considered the appellant's other arguments relating to *Carr* factor 1, but they do not warrant a difference outcome. Accordingly, *Carr* factor 1 strongly weighs in the agency's favor.

Before we begin our analysis of *Carr* factors 2 and 3, there is an issue that we wish to briefly discuss. Despite the administrative judge's accurate recitation of the agency's burden and the *Carr* factors in the initial decision, ID at 9-10, the administrative judge criticized *the appellant* for failing to meet his burden regarding *Carr* factors 2 and 3. *See, e.g.,* ID at 15 (finding that the appellant failed to prove any motive to retaliate on the part of agency officials involved in the decisions), 16 (concluding that the appellant failed to provide any credible comparator evidence). This was error.[7] The agency bears the burden of proving by clear and convincing evidence that it would have taken the same actions absent the appellant's whistleblowing disclosures. *Karnes*, 2023 MSPB 12, ¶ 35. We vacate the administrative judge's statements to the contrary in the initial decision. However, we need not remand the appeal because the administrative judge gave proper notice of the agency's burden, IAF, Tab 44 at 7, and the record is fully

---

[6] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *E.g., Richardson v. Department of Veterans Affairs*, 2023 MSPB 1, ¶ 14 n.5.

[7] Neither party raises the administrative judge's error in this regard as an issue on review.

developed on this issue. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to the appellant's substantive rights provides no basis for reversal of an initial decision). Instead, we have evaluated *Carr* factors 2 and 3 consistent with the relevant case law.

Relevant to *Carr* factor 2, the administrative judge made explicit demeanor-based credibility determinations in favor of the deciding official and found that the deciding official harbored no bias because she was not involved in the underlying investigation, the decision to close the laboratory, or the subsequent decision to remove the appellant as a manager. ID at 12, 15. The administrative judge acknowledged that the Director had a "potential motive to retaliate" because he was the appellant's supervisor, and it would have been in his interest to discipline the appellant to avoid personal blame. ID at 15. However, he concluded that the Director testified "clearly, persuasively, and without contradiction" that the laboratory closure was an embarrassment, but not a personal embarrassment. *Id.* The administrative judge found that neither the deciding official nor the Director "harbored any ill will" against the appellant, as "both candidly recognized" the appellant's accomplishments. ID at 16. The administrative judge also found no credible evidence of any hostility or bias by the members of the SIRP. ID at 14 n.9. On petition for review, the appellant contends that there was a high motive to retaliate against him for his disclosures. PFR File, Tab 3 at 28-29.

Notwithstanding the administrative judge's demeanor-based credibility determinations, we find that there could be a moderate-to-high motive to retaliate because the appellant's disclosures of data manipulation reoccurrence had catastrophic consequences for the laboratory, they generated negative publicity for the agency, and they cast in a poor light the Director, other agency officials, and the agency as an institution. *See Whitmore*, 680 F.3d at 1370 (noting that "[t]hose responsible for the agency's performance overall may well be motivated

to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees); *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 29 (noting that the misconduct disclosed by the appellant—mishandling servicemembers' remains—was egregious, her disclosures generated negative publicity for the agency, and concluding that the disclosures reflected poorly on agency officials as representatives of the agency's general institutional interests). Thus, this *Carr* factor favors the appellant.

We have considered whether there is any evidence in the record on *Carr* factor 3. The agency did not identify any comparators before the administrative judge or in its response to the appellant's petition for review. PFR File, Tab 5; IAF, Tabs 13, 33, 50. The Board has held that, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor is effectively removed from consideration, although it cannot weigh in the agency's favor. *Karnes*, 2023 MSPB 12, ¶ 35. Given the absence of evidence on this issue,[8] we conclude that *Carr* factor 3 is removed from consideration and is a neutral factor. *Id.*, ¶ 36.

After reweighing the *Carr* factors, we are left with a firm belief that the agency would have taken the personnel actions against the appellant even in the absence of his whistleblowing disclosures. Accordingly, we find that the agency

---

[8] We have considered the appellant's argument, made before the administrative judge and on review, that the agency did not take any action against the Director for the laboratory's failings. IAF, Tab 51 at 25-26; PFR File, Tab 3 at 30. The administrative judge rejected this argument because it was the appellant—and not the Director—who was responsible for laboratory management. ID at 16. We discern no error with the administrative judge's assessment that the Director was not a proper comparator. The appellant also asserted before the administrative judge and on review that the agency did not take any action against the supervisor during the prior data manipulation incident. IAF, Tab 51 at 26; PFR File, Tab 3 at 30. The record reflects that the chemist involved in the earlier data manipulation incident resigned and the then-laboratory manager retired. IAF, Tab 13 at 160, 166; HT at 45 (testimony of the Director), 138-39 (testimony of the deciding official). Thus, these individuals are also not proper comparators.

has met its burden. We affirm the administrative judge's decision to deny corrective action in this matter.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:       _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.