NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD J. BARRETTE,**

*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Respondent*

---

2024-1708

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-16-0840-W-1.

---

Decided: November 4, 2025

---

ROBERT L. SIRIANNI, JR., Brownstone, PA, Winter Park, FL, for petitioner. Also represented by GEORGE W. THOMAS.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before CHEN, CLEVENGER, and HUGHES, *Circuit Judges*.

PER CURIAM.

Dr. Ronald J. Barrette appeals the final decision of the Merit Systems Protection Board ("Board") upholding his termination from the Department of Veteran Affairs ("VA"). *Barrette v. Dep't of Veterans Affs.*, No. AT-1221-16-0840-W-1, 2024 WL 640851 (M.S.P.B. Feb. 14, 2024). For the reasons stated below, we affirm the Board's final decision.

I

Dr. Barrette was a general surgeon at the VA Medical Center located in Fayetteville, North Carolina. His position was subject to the completion of a two-year probationary period, which began on November 4, 2012. During his employment, Dr. Barrette reported multiple incidents to his superiors which he perceived as compromising patient care.

Nearing the end of Dr. Barrette's probationary period, his request for reappointment and clinical privileges was considered at a meeting of the agency's Professional Standards Board ("PSB"). After the PSB heard evidence of alleged personal and professional misconduct by Dr. Barrette, it unanimously voted to convene a Summary Review Board ("SRB") to evaluate whether the agency should employ Dr. Barrette beyond his probationary period. Following an extensive evidentiary hearing on October 23, 2014, the SRB recommended that Dr. Barrette be removed during his probationary period. The SRB's recommendation was based on its findings that Dr. Barrette (1) failed to timely complete brief operative notes; (2) failed to timely complete online training requirements; (3) prescribed opiates to a VA employee who was not his patient; and (4) interacted with surgical staff in an unprofessional manner. Dr. Barrette was removed from his position on October 30, 2014.

## II

On September 23, 2016, Dr. Barrette filed an individual right of action ("IRA") appeal with the Board seeking to overturn his removal. He argued that he was unlawfully terminated in retaliation for whistleblowing activities. The administrative judge ("AJ") assigned to Dr. Barrette's case determined that Dr. Barrette established a prima facie case of retaliation, but found the VA established by clear and convincing evidence it would have terminated Dr. Barrette regardless of his whistleblower activity. *Barrette v. Dep't of Veterans Affs.*, No. AT-1221-16-0840-W-1, 2018 WL 1376974 (M.S.P.B. Mar. 15, 2018) ("*Initial Decision*").

In evaluating whether the agency met its burden, the AJ considered the three *Carr* factors: (1) "the strength of the agency's evidence in support of its personnel action"; (2) "the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision"; and (3) "any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

For the first *Carr* factor, the AJ found "the agency had ample evidence to support terminating the appellant during his probationary period." *Initial Decision* at 17. Under second *Carr* factor, the AJ found that none of the officials involved in Dr. Barrette's termination had strong motive to retaliate. With respect to the third *Carr* factor, the AJ noted that certain physicians engaged in some of the same conduct as Dr. Barrette, but concluded they were not similarly situated.

The AJ thus found that the agency met its burden to show that it would have removed Dr. Barrette regardless of his whistleblowing activity. Consequently, the AJ denied Dr. Barrette's IRA appeal.

Dr. Barrette appealed the Initial Decision to the Board. The Board denied Dr. Barrette's petition for review and affirmed the Initial Decision, thus finalizing the Initial Decision.

Dr. Barrette timely appealed to this court. We have jurisdiction to review the Board's decision under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## III

We will set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (citation omitted).

## IV

Dr. Barrette challenges the Board's conclusion that the VA established, by clear and convincing evidence, that it would have terminated Dr. Barrette's employment absent his whistleblower activity. Namely, Dr. Barrette argues that the Board improperly applied the second and third *Carr* factors.[1] Having considered Dr. Barrette's arguments, we conclude that the AJ's findings are supported by substantial evidence.

---

[1] Dr. Barrette does not challenge the Board's findings as to the first *Carr* factor. Accordingly, this opinion addresses only his arguments regarding the second and third factors.

## A

Under the second *Carr* factor, Dr. Barrette challenges the AJ's conclusion that none of the officials involved in his removal had strong motive to retaliate. He argues that the Board ignored evidence of Dr. Fowler's and Dr. Antoine's motive to retaliate.

The AJ was not required to address every piece of evidence to demonstrate that she considered it. *See Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise."). Even so, the AJ did discuss much of the evidence Dr. Barrette cites. For example, the AJ acknowledged that Dr. Fowler, the Chief of Surgery, was aware of Dr. Barrette's whistleblowing activity and presented evidence to the SRB. However, the AJ concluded Dr. Fowler did not have a strong motive to retaliate because the record did not establish that he "fabricated evidence against" Dr. Barrette or "engaged in any impropriety as a result of [Dr. Barrette's] disclosures." *Initial Decision* at 18. The AJ also credited testimony that Dr. Antoine, the Chief of Staff, "could be retaliatory," but concluded that that any animus Dr. Antoine held towards Dr. Barrette was based on Dr. Barrette's previous *locum tenens* practice and the numerous complaints received regarding Dr. Barrette's behavior, rather than his protected disclosures. *Id.* at 18-19.

The AJ evaluated the record, including evidence that Dr. Barrette cites, and determined it did not reflect any strong motive to retaliate. This conclusion is supported by substantial evidence, and we will not reweigh such evidence. *See Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016) ("Under the substantial evidence standard of review, we 'do[ ] not reweigh evidence on appeal.'" (quoting *In re NTP, Inc.*, 654 F.3d 1279, 1292 (Fed. Cir. 2011))).

## B

The third *Carr* factor looks to whether an agency treats whistleblowers more harshly than other non-whistleblower employees, and requires "the comparison employees to be 'similarly situated' – not identically situated – to the whistleblower." *Whitmore v. Dep't of Lab.*, 680 F.3d 1353, 1373 (Fed. Cir. 2012). The AJ's decision suggested that the record initially favored Dr. Barrette, because uncontradicted evidence showed that other physicians at the same facility engaged in some of the same conduct as Dr. Barrette, but suffered no consequences for their misbehavior. Nonetheless, the AJ held that the record did not establish that the agency treated any employee similarly situated to Dr. Barrette more leniently. *Initial Decision* at 19. The AJ stated two reasons for determining that the others were not similarly situated: first, because none of the other comparators engaged in all four of the kinds of misconduct for which Dr. Barrette was removed, and second, because unlike Dr. Barrette none of the other offending physicians was a probationary employee. *Id.* Because the record did not establish that the agency treated similarly situated employees differently, the third *Carr* factor did not weigh against the agency.

Dr. Barrette argues that the AJ (and thus the Board in affirming the AJ's decision), misapplied the similarly situated test with both of its reasons for finding the other physicians not similarly situated to Dr. Barrette. Appellant Br. at 17, 26-27. We disagree.

Dr. Barrette does not dispute that the four misconduct grounds for which he was removed differ from the lesser number of grounds of misconduct committed by comparators who suffered no consequences. Considering the differences in conduct between Dr. Barrette and the others who engaged in misconduct, the AJ fulfilled *Whitmore*'s requirement that "[d]ifferences in kinds and degrees of conduct between otherwise similarly situated persons within an

agency can and should be accounted for to arrive at a well reasoned conclusion regarding *Carr* factor three." *Whitmore*, 680 F.3d at 1373. Dr. Barrette has shown no error by the AJ by distinguishing the conduct of Dr. Barrette from the conduct of the other comparators.

Dr. Barrette argues that the Board erred in finding that other physicians who engaged in misconduct without consequences were not comparators because they, unlike Dr. Barrette, were not in probationary employee status. His opening brief points to a fellow physician, Dr. Bolling, and states that Dr. Bolling also was a probationary general surgeon. Appellant Br. at 19, 26. As the agency shows in its response brief, Response Br. at 37, Dr. Barrette's statement is a bare allegation raised on appeal, and no more, because Dr. Barrette has provided no citation to the record to support his statement. Dr. Barrette also fails to provide any record citations to show that before the Board he identified Dr. Bolling, or any of the other fellow employees who engaged in some, but not all, of the cited misconduct as probationary employees. The record does show that Dr. Bolling engaged in some misconduct without consequences, but Dr. Barrette fails to demonstrate that Dr. Bolling engaged in all of the misconduct for which Dr. Barrette was removed. Dr. Barrette's challenge to the second rationale used by the AJ to find the lack of similarly situated employees lacks record support and is therefore unavailing.

Dr. Barrette presented a prima facie case of reprisal for engaging in protected disclosures, but the agency was found to have sustained its defense that it would have removed Dr. Barrette regardless of his whistleblower activity. Dr. Barrette did not challenge that the agency sustained the first *Carr* factor, and Dr. Barrette has not shown error in the AJ's determination on the second and third *Carr* factors. As such, we have no grounds on which to disturb the agency's decision removing Dr. Barrette.

V

Dr. Barrette also argues the Board and VA made "procedural errors" and that the VA deprived him of due process. We reject these arguments.

First, Dr. Barrette argues that the AJ improperly failed to compel the VA to produce requested discovery or to impose consequences for the VA's "noncooperation." We perceive no abuse of discretion in this case, much less one supporting reversal. *See Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988) ("This court will not overturn the board on [discovery and evidentiary] matters unless an abuse of discretion is clear and is harmful."). The AJ partially granted Dr. Barrette's requests to compel discovery from the VA prior to the hearing, but denied to impose sanctions as they were not justified by the circumstances. Dr. Barrette has not persuaded us this decision was an abuse of discretion.

Second, Dr. Barrette argues the SRB was biased and failed to interview all relevant individuals. Dr. Barrette makes no allegations of AJ error as it relates to these arguments. In fact, it does not appear that he presented these arguments until his petition for review by the Board. Accordingly, we will not consider these arguments. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. Thus, if the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue.").

Third, Dr. Barrette makes several arguments regarding the ways he believes the VA deprived him of due process. Again, it is not clear that Dr. Barrette raised these arguments below. In any event, these arguments would not have been within the Board's jurisdiction. "[I]n an IRA appeal to the Board, the Board's review is limited to the

merits of allegations of violations of the Whistleblower Protection Act." *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327 (Fed. Cir. 2020). Dr. Barrette's "argument that his termination did not comply with requirements for due process" is "separate and distinct from the whistleblower allegations," and thus falls outside of the Board's jurisdiction. *Meyers v. Dep't of Veterans Affs.*, 33 F. App'x 523, 526-27 (Fed. Cir. 2002) (determining due process violation claim fell outside of Board's scope of review in IRA appeal); *see also Midyett v. Dep't of Veterans Affs.*, 666 F. App'x 905, 907 (Fed. Cir. 2016) (same).

## CONCLUSION

We have carefully reviewed Dr. Barrette's arguments and find that none undermine the Board's final decision. For the reasons stated above, we affirm.

## AFFIRMED

## COSTS

No costs.