NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**F. ALLAN MIDYETT,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3131

---

Petition for review of the Merit Systems Protection Board in No. DA-3330-12-0569-I-1.

---

Decided: December 3, 2014

---

F. ALLAN MIDYETT, of Fayetteville, Arkansas, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before O'MALLEY, CLEVENGER, and BRYSON,
*Circuit Judges.*

PER CURIAM.

F. Allen Midyett appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing Dr. Midyett's claims under the Veterans Employment and Opportunities Act, 5 U.S.C. §§ 3330a–c (2012) ("VEOA"), for failure to exhaust administrative remedies with the Department of Labor ("DOL"). Because we agree that the Board lacked jurisdiction over Dr. Midyett's appeal, we *affirm*.

## BACKGROUND

The Veterans Health Care System of the Ozarks hired Dr. Midyett as a radiologist on November 2, 2010, pursuant to the Department of Veterans Affairs' ("VA") hiring authority under 38 U.S.C. § 7401(1). Dr. Midyett began a two-year probationary period, starting on November 21, 2010, as a condition for his employment.

In late 2011 and early 2012, the Chief of Radiology, Dr. Kathryn Witztum, and the Medical Center Director, Dr. Mark Enderle, instituted a series of review procedures that culminated in the initiation of a Summary Review by a Professional Standards Board to determine if separation from federal service would be appropriate for Dr. Midyett. On February 21, 2012, the Professional Standards Board found that Dr. Midyett had participated in a pattern of concerning conduct and provided substandard care. As a result, the VA discharged Dr. Midyett effective April 6, 2012.

On August 1, 2012, Dr. Midyett filed an appeal with the Board, claiming, *inter alia*, a violation of veterans' preference rights under VEOA, discrimination on the basis of his military status, and retaliation for whistle-

blower disclosures.[1]   The Administrative Judge ("AJ") issued a jurisdictional order explaining what evidence and argument Dr. Midyett would need to produce to meet his burden to prove that the Board has jurisdiction over his VEOA claim under 5 U.S.C. § 3330a(a)(1).   In response, Dr. Midyett stated that his VEOA complaint had been filed with the DOL and the Office of Special Counsel ("OSC"), and was still pending with the OSC, thus meeting the administrative exhaustion requirement of § 3330a.[2] The government moved to dismiss Dr. Midyett's VEOA claim, arguing that Dr. Midyett's response presented inadequate evidence to show jurisdiction under § 3330a.  Dr. Midyett's representative, in her declaration, averred that Dr. Midyett filed his VEOA, whistleblower, and USERRA claims with the DOL.   Her declaration further maintained that the DOL assigned the entire complaint to OSC.  The declaration noted that Dr. Midyett mistakenly asserted in his prior response to the Board that the VEOA claim remained pending with the

---

[1]   Dr. Midyett's Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") claim and individual right of action ("IRA") claim were adjudicated separately. *Midyett v. Dep't of Veterans Affairs*, 121 M.S.P.R. 78, 78 (2014) ("*Final Order*").   The USERRA appeal was dismissed for lack of jurisdiction, and the initial decision became final on April 12, 2013.  *Id.* at 78 n.2.   His IRA appeal was pending at the time of the Board's review.  *Id.* at 78 n.3.

[2]   In a declaration filed by Dr. Midyett's representative, Diane Midyett, on November 14, 2012, Ms. Midyett states that Dr. Midyett filed his VEOA complaint with the DOL on June 17, 2012.  Dr. Midyett asserts that a DOL representative told him to refile his complaint, and Dr. Midyett purportedly refiled his claims with the DOL and OSC on July 25, 2012.

OSC, and that the OSC had actually informed Dr. Midyett that the VEOA claim was no longer with the agency.

On March 8, 2013, the AJ issued his Initial Decision. *Midyett v. Dep't of Veterans Affairs*, No. DA-3330-12-0569-I-1, 2013 MSPB LEXIS 1260 (M.S.P.B. March 8, 2013). The AJ found that Dr. Midyett had failed to meet his burden to prove the Board's jurisdiction over the VEOA claim. *Id.* at *6–10. First, the AJ concluded that Dr. Midyett presented insufficient evidence that he exhausted his administrative remedies with the DOL. *Id.* at *7–9. The AJ further determined that Dr. Midyett failed to make a nonfrivolous allegation of a violation of a statute or regulation relating to veterans' preference, as required by 5 U.S.C. § 3330a and 5 C.F.R. § 1208.2(b). *Id.* at *9–12. The VA appointed Dr. Midyett as a physician "without regard to 'civil-service requirements'" pursuant to 38 U.S.C. § 7401(1), and the AJ concluded that the Board has no jurisdiction to consider violations of preference rights under VEOA for such "non-selection action[s] for a physician position." *Id.* at *9–12; *see also id.* at *9 ("Accordingly, because physician appointments may be made without regard to 'civil-service requirements,' it is well settled that the Board has no jurisdiction to consider an alleged violation of veterans' preference rights under the VEOA from a non-selection action for a physician position.").

Dr. Midyett petitioned for review of the Initial Decision on April 9, 2013. Dr. Midyett asserted that he "misfiled his VEOA claim with the Office of Special Counsel and was told to resubmit his claim to the DOL." *Final Order*, 121 M.S.P.R. at 78. Dr. Midyett thus resubmitted a VEOA complaint, but appears to have submitted it to the Board, and not the DOL, a few days before submitting his petition for review. *Id.*

On April 29, 2014, the Board issued its Final Order, dismissing Dr. Midyett's VEOA claims. *Id.* The Board thoroughly reviewed Dr. Midyett's extensive filings, *id.* at

78 n.5, and concluded that the AJ correctly dismissed Dr. Midyett's VEOA claim for lack of jurisdiction. The Board noted that the only evidence tending to show that Dr. Midyett filed a complaint with the DOL was his representative's declaration regarding Dr. Midyett's filings with DOL, OSC, and the Board. *Id.* at 78. Nevertheless, "[n]one of these statements clarified whether the appellant filed a VEOA complaint with DOL, whether DOL sent the appellant written notification of the results of its investigation of the complaint, or whether the appellant notified the Secretary of Labor of his intention to appeal to the Board." *Id.* Dr. Midyett also failed to allege that he resubmitted his complaint with the DOL, and not just the Board. *Id.* Due to the lack of evidence tending to show that the DOL received, processed, and issued results regarding Dr. Midyett's VEOA claims, the Board affirmed the AJ's dismissal for failure to exhaust administrative remedies with the DOL. *Id.* The Board declined to reach the issue of Dr. Midyett's allegations of a violation of a statute or regulation relating to veterans' preference, and vacated that portion of the Initial Decision. *Id.*

Dr. Midyett timely appealed to this Court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).[3]

## ANALYSIS

We review a determination of the Board's jurisdiction de novo. *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012). "The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation." *Id.* (citing 5 U.S.C. § 7701(a)). Dr. Midyett

---

[3] Dr. Midyett filed an untimely brief and cover letter in response to the government's informal brief. We have construed the letter as a motion to file a reply brief out of time, granted the motion, and considered the arguments made therein due to his pro se status.

must prove by preponderant evidence that the Board has jurisdiction.  5 C.F.R. § 1201.56(a)(2)(i) (2014).

In order to establish the Board's jurisdiction over an appeal based on a claim brought under the VEOA, the petitioner must:

> (1) show that he exhausted his remedies with the Department of Labor and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veteran's [sic] preference.

*Lazaro*, 666 F.3d at 1319 (citing 5 U.S.C. § 3330a).  The first of these requirements is at issue in this appeal: whether Dr. Midyett exhausted his remedies with the DOL.

Under the VEOA, a preference-eligible veteran may file a complaint with the DOL alleging a violation of the veteran's rights under a statute or regulation involving veterans' preference.  5 U.S.C. § 3330a(a)(1)(A).  The complaint must be filed within sixty days of the alleged violation.  *Id.* § 3330a(a)(2)(A).  The DOL must notify the complainant in writing with the results of the investigation, even if the DOL does not resolve the complaint.  *Id.* § 3330a(c)(2).  The complainant must then appeal to the Board within 15 days of receiving the written results from the DOL.  *Id.* § 3330a(d)(1)(B).  If more than sixty days have passed since the complainant filed the complaint and the DOL has not provided written notice of the results, the petitioner may appeal to the Board, but only after first providing "written notification to the [DOL] of such complainant's intention to bring such appeal."  *Id.* § 3330a(d)(2)(A).  A copy of that notice must be included with the notice of appeal submitted to the Board.  *Id.* § 3330a(d)(2)(B).

Dr. Midyett argues that he exhausted his administrative remedies with the DOL because he timely filed a VEOA claim with the DOL. Dr. Midyett asserts that he filed a VEOA complaint with the DOL dated July 25, 2012, but his claim was "not properly handled" and "misfiled but not by me." Dr. Midyett also submitted a copy of the VEOA complaint, dated July 25, 2012, to the Board as part of his petition for review of the Board's initial decision on March 28, 2013. Dr. Midyett claims that this submission is sufficient to demonstrate that he exhausted his remedies with the DOL because the VEOA complaint was refiled before the Board's Initial Decision became final. Dr. Midyett also argues that he has met the requirements of § 3330a through the relation-back doctrine, described in *Scarborough v. Principi*, 541 U.S. 401 (2004), and through equitable tolling.

The government counters that Dr. Midyett failed to present any evidence showing that he filed a complaint with the DOL. The government also argues that Dr. Midyett failed to present either written results of the DOL investigation or a written notification to the DOL of his intent to bring an appeal with the Board. The government contends that the relation-back doctrine is inapplicable because it cannot cure a lack of the evidentiary proof required by § 3330a.

We agree with the Board that it lacked jurisdiction over Dr. Midyett's appeal. Dr. Midyett's evidence submitted to prove the Board's jurisdiction consists of only a copy of a complaint Dr. Midyett asserts he filed with OSC on July 25, 2012, and the declaration of his representative. Dr. Midyett, however, failed to provide any proof that the July 25, 2012, complaint was actually filed with the DOL. And the statements in the declaration merely show that Dr. Midyett potentially submitted VEOA, USERRA, and IRA claims that were eventually analyzed by OSC.

Even if we construe this evidence as sufficient for Dr. Midyett to meet his burden to show that he filed a complaint with DOL, Dr. Midyett still failed to present any evidence that the DOL provided written notification of the results of its investigation or that Dr. Midyett provided the required written notice to the DOL of his intent to appeal to the Board. The AJ clearly informed Dr. Midyett, in the jurisdictional order, that such evidence would be necessary for Dr. Midyett to demonstrate the Board's jurisdiction. "This written notification is important because it lets the Secretary of Labor know she should stop investigating the complaint." *Burroughs v. Merit Sys. Prot. Bd.*, 426 F. App'x 897, 899 (Fed. Cir. 2011). Dr. Midyett has failed to produce any evidence tending to show that he submitted a statement to the DOL of an intent to appeal to the Board or that the DOL provided written notice of the results of its investigation. Absent such evidence, Dr. Midyett did not exhaust his administrative remedies with the DOL.[4] And "[a]bsent exhaustion of the administrative remedy . . . the Board simply has no jurisdiction to hear [the] appeal." *Hill v. Merit Sys. Prot. Bd.*, 484 F. App'x 484, 487 (Fed. Cir. 2012). The Board therefore correctly determined that Dr. Midyett did not meet his burden under § 3330a.

We also agree with the government that Dr. Midyett's arguments regarding equitable tolling or the relation-back doctrine are not applicable to the current appeal. Either equitable tolling or the relation-back doctrine could

---

[4]    Dr. Midyett has also failed to present evidence of a constructive exhaustion of remedies due to affirmative DOL actions. *See, e.g.*, *Thompson v. Dep't of Army*, 112 M.S.P.R. 153 (2009) (finding that petitioner had exhausted remedies with DOL when DOL specifically told the petitioner to file his complaint with the Board because the DOL did not handle such complaints).

potentially be relevant, for example, if Dr. Midyett failed to timely file his complaint with the DOL. *See, e.g.,* *Kirkendall v. Dep't of the Army*, 479 F.3d 830 (Fed. Cir. 2007) (en banc). The Board, however, did not dismiss Dr. Midyett's appeal due to an untimely filing, but because he failed to produce the evidence required by statute for the Board to have jurisdiction over his VEOA appeal. Thus, neither doctrine is presently relevant. Dr. Midyett's other arguments involve the merits of his VEOA claim and are therefore not before us on appeal.

CONCLUSION

Because the Board correctly determined that Dr. Midyett failed to meet his burden to demonstrate that he exhausted administrative remedies with the DOL, we affirm the Board's dismissal of his appeal for lack of jurisdiction.

**AFFIRMED**