**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2024 MSPB 11**

Docket No. SF-3330-18-0470-I-1

**Anthony G. Salazar,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

September 13, 2024

Anthony G. Salazar, Pico Rivera, California, pro se.

Dévora Mas, Esquire, Houston, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**OPINION AND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) for failure to timely file a complaint with the Department of Labor (DOL).  For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2     The appellant, a 10-point preference-eligible veteran, applied for two positions advertised by the agency. Initial Appeal File (IAF), Tab 4 at 50, 52, 63, 75, 84. The first position was a GS-12 Support Services Supervisor position and was advertised under vacancy announcement number 344-17-24-TS-1955448. *Id.* at 56-61. The second position was a GS-7 Veterans Service Representative (VSR) position advertised under vacancy announcement number VB 1990725-FEB. *Id.* at 88-93. On August 9, 2017, the agency informed the appellant that he had been rated ineligible for the Support Services Supervisor position for failure to meet the specialized experience requirement. *Id.* at 63, 70-72. On October 4, 2017, the agency informed him that he had not been selected for the VSR position. *Id.* at 95.

¶3     On October 1 or 2, 2017, the appellant filed a complaint with the Office of Special Counsel (OSC) concerning his nonselection for the Support Services Supervisor position. *Id.* at 21-36. He identified himself as a "ten-point veteran preference applicant" and alleged that he had been improperly denied consideration for the position in reprisal for whistleblowing or because his former supervisor provided "negative feedback" about the appellant to the hiring officials.[1] *Id.* at 31. Beginning on January 24, 2018, the appellant reached out to OSC via email to request that it act on his complaint. *Id.* at 43. On

---

[1] The appellant referenced this "negative feedback" in connection with his February 4, 2015 removal by the agency for unacceptable performance. *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶ 5; IAF, Tab 4 at 31; *Salazar v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0660-W-1, Initial Appeal File, Tab 5 at 16. The appellant filed an individual right of action (IRA) appeal with the Board challenging a number of agency actions, including his removal. *Salazar*, 2022 MSPB 42, ¶¶ 5-6. Following a Board-ordered remand of that appeal, an administrative judge issued a remand initial decision denying corrective action. *Salazar*, 2022 MSPB 42, ¶¶ 1, 37; *Salazar v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0660-B-1, Remand Initial Decision at 1, 48 (Mar. 15, 2024). The appellant has filed a petition for review, which is currently pending before the Board. *Salazar*, MSPB Docket No. SF-1221-15-0660-B-1, Remand Petition for Review File, Tab 1. The disposition of the appellant's IRA appeal does not impact the timeliness issue currently before us.

February 13, 2018, the assigned investigator, who had been on military duty until that time, responded to the appellant that he had returned to the office and would turn to the appellant's complaint shortly. *Id.* at 40-41. Eight days later, on February 21, 2018, the investigator advised the appellant of OSC's preliminary findings. *Id.* at 40, 44. The appellant responded on February 23 and February 26, 2018.[2] *Id.* at 44.

¶4        By letter dated March 5, 2018, OSC informed the appellant that it was closing its investigation into his complaint and provided him with notice of his Board appeal rights. *Id.* at 44-45. The investigator acknowledged the appellant's claims that his former supervisor "willfully obstruct[ed] [him] with respect to [his] right to compete for employment" in violation of 5 U.S.C. § 2302(b)(4) and that the agency did not select the appellant in reprisal for filing complaints with the Inspector General and OSC in violation of 5 U.S.C. § 2302(b)(9). *Id.* The investigator also acknowledged that "[i]n [the appellant's] response, [he] alleged that [his] non-selections may have violated Veterans preference rules," which the investigator identified as a prohibited personnel practice arising under 5 U.S.C. § 2302(b)(11). *Id.* The investigator advised the appellant that "OSC defers" allegations of VEOA violations to DOL and that he could file a complaint on that claim with DOL.[3] *Id.* at 45.

---

[2] Neither party has submitted into the record OSC's February 21, 2018 determination letter or the appellant's February 2018 responses.

[3] VEOA tasks DOL with investigating claims by a preference eligible that an agency may have violated the claimant's rights under any law or regulation relating to veterans' preference. 5 U.S.C. § 3330a(b). However, the statute also amended 5 U.S.C. § 2302 and made it a prohibited personnel practice to "knowingly take, recommend, or approve any personnel action if the taking of such action would violate a veterans' preference requirement" or to "knowingly fail to take, recommend, or approve any personnel action if the failure to take such action would violate a veterans' preference requirement." Pub. L. No. 105-339, 112 Stat. 3187 (codified at 5 U.S.C. § 2302(b)(11)). OSC is responsible for the investigation of alleged prohibited personnel practices. 5 U.S.C. § 1214. OSC and DOL have entered into a Memorandum of Understanding, submitted into the record by the appellant, that prescribes the roles and responsibilities of the two agencies in carrying out their obligations under the statute. IAF, Tab 4 at 14-19.

¶5 The same day that OSC issued this letter, the appellant filed a complaint with DOL alleging that the agency violated his veterans' preference rights in connection with his nonselections. *Id.* at 47. Approximately 1 month later, DOL informed the appellant that it had completed its investigation into his complaint and found no violation of his rights under VEOA. *Id.* at 47-48. The letter informed the appellant of his right to appeal DOL's decision to the Board. *Id.* at 48.

¶6 The appellant timely filed the instant VEOA appeal challenging his nonselection for the two positions and requested a hearing on his appeal. IAF, Tab 1 at 1-5. The administrative judge issued an order informing the parties of the appellant's burden of showing, as relevant here, that he timely filed his DOL complaint within 60 days of the alleged VEOA violation or, if not, that circumstances warranted equitable tolling of the deadline. IAF, Tab 3 at 5-6. The order instructed the parties to file evidence and argument on those issues and advised them that the record on timeliness would close in 3 weeks. *Id.* at 6-7.

¶7 After the parties responded and the record on timeliness closed, the administrative judge issued an initial decision denying corrective action based on the written record. IAF, Tabs 4, 6, Tab 13, Initial Decision (ID) at 2, 21. The administrative judge concluded that the appellant established jurisdiction over his VEOA appeal. ID at 10-11. The administrative judge nevertheless concluded that the appellant failed to show that he timely filed his complaint with DOL within 60 days of the challenged actions as required under 5 U.S.C. § 3330a(a)(2)(A) or that he was entitled to equitable tolling of the deadline. ID at 11-21. Because the administrative judge concluded that there was no genuine dispute of material fact regarding these dispositive issues, he denied corrective action without holding the appellant's requested hearing. ID at 1-2, 21.

¶8 The appellant has timely filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1, Tab 2 at 1 n.1. The agency has filed a

response to the petition for review, and the appellant has filed a reply. PFR File, Tabs 3-4.

## ANALYSIS

<u>The 60-day time limit for filing a complaint with DOL is not jurisdictional and is subject to equitable tolling.</u>

¶9      The Board's jurisdiction over VEOA claims arises under 5 U.S.C. § 3330a(d)(1). *Shaver v. Department of the Air Force*, 106 M.S.P.R. 601, ¶ 9 (2007). That provision states that "[i]f [DOL] is unable to resolve a complaint" within a specified time period, "the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board." 5 U.S.C. § 3330a(d)(1). The "complaint" referred to in this provision is a VEOA complaint that the veteran "must . . . file[] [with DOL] within 60 days after the date of the alleged violation." 5 U.S.C. § 3330a(a)(2)(A).

¶10      The administrative judge found that the 60-day deadline to file a complaint in 5 U.S.C. § 3330a(a)(2)(A) is not jurisdictional. ID at 9. Without specifically disputing the administrative judge's finding, the agency states on review that the "exhaustion requirement is a jurisdictional element of a VEOA appeal."[4] PFR File, Tab 3 at 5. We agree with the administrative judge.

¶11      Statutes setting forth time limitations for filing claims generally are not jurisdictional unless Congress "clearly states" that they are.[5] *Harrow v. Department of Defense*, 601 U.S. 480, 483-84 (2024). Here, the statutory language of 5 U.S.C. § 3330a does not "plainly show that Congress imbued [the rule] with jurisdictional consequences." *Id.* at 484 (quoting *United States v.*

---

[4] The parties do not otherwise dispute the administrative judge's determination that the Board has jurisdiction over this appeal, and we discern no basis to disturb that finding. ID at 1, 7-11.

[5] The U.S. Supreme Court has recognized that the deadline for filing an appeal from a Federal district court decision in a civil case is an exception to this general rule. *Harrow v. Department of Defense*, 601 U.S. 480, 488-89 (2024). That exception does not apply here.

*Wong*, 575 U.S. 402, 409-12, 420 (2015)).  Consistent with this line of cases, both the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and the Board have concluded that the 60-day deadline set forth in 5 U.S.C. § 3330a(a)(2)(A) is not jurisdictional.  *Kirkendall v. Department of the Army*, 479 F.3d 830, 835-36 & n.2 (Fed. Cir. 2007) (en banc); *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 8-13 (2009).  We reaffirm that holding here.

¶12    Further, "nonjurisdictional limitations periods are presumptively subject to equitable tolling."  *Boechler, P.C. v. Commissioner of Internal Revenue*, 596 U.S. 199, 209 (2022) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 92, 94-96 (1990) (holding that once Congress waives the Government's sovereign immunity, the Court will presume that equitable tolling is available, and applying the presumption to conclude that courts could equitably toll the requirement in 42 U.S.C. § 2000e-16(c) (1990) that "[w]ithin thirty days of receipt of notice of final action . . . [by] the Equal Employment Opportunity Commission . . . a[] [Federal] employee or applicant . . . may file a civil action")).  The Federal Circuit and the Board have recognized this and concluded that equitable tolling applies to 5 U.S.C. § 3330a(a)(2)(A).  *Kirkendall*, 479 F.3d at 837-38, 841-42 (finding that the deadline under section 3330a(a)(2)(A) would bar suit if equitable tolling were not permitted and concluding that the deadline may be equitably tolled); *Garcia*, 110 M.S.P.R. 371, ¶ 12 (recognizing the holding in *Kirkendall* that the 60-day deadline in 5 U.S.C. § 3330a(a)(2)(A) may be equitably tolled); 5 C.F.R. § 1208.21(b) (providing that the 60-day deadline to file a VEOA complaint with DOL may be equitably tolled).  The parties have not disputed the administrative judge's determination that the 60-day deadline under 5 U.S.C. § 3330a(a)(1)(A) may be equitably tolled, and we agree with this conclusion for the foregoing reasons.  ID at 9.

<u>The Board reviews de novo DOL's determinations as to whether a VEOA complaint was timely filed and whether to equitably toll the deadline.</u>

¶13    DOL's determination on the appellant's VEOA complaint was silent as to whether his complaint was timely filed or warranted equitable tolling. IAF, Tab 4 at 47-48. The administrative judge concluded that, notwithstanding DOL's silence and the implication that such silence amounted to a waiver of the untimeliness of the appellant's complaint, the Board had the authority to consider whether DOL erred in tolling the deadline. ID at 14-17. On review, the appellant argues that the administrative judge should not have reached the timeliness issue because it was not addressed by OSC or DOL. PFR File, Tab 1 at 7. We disagree. As explained below, the Board must review DOL's timeliness and equitable tolling decisions de novo.

¶14    The Federal Circuit is the Board's reviewing court in VEOA appeals, and the Board is bound to follow its precedential decisions. *See Kirkendall v. Department of the Army*, 573 F.3d 1318, 1320-21 (Fed. Cir. 2009) (predicating review of a Board decision on a VEOA claim on 28 U.S.C. § 1295(a)(9), which conveys exclusive jurisdiction over final Board decisions to the Federal Circuit); *Oram v. Department of the Navy*, 2022 MSPB 30, ¶¶ 6, 17 (holding that the Federal Circuit's precedential decision in a VEOA appeal was binding authority). In *Kirkendall*, 479 F.3d at 834, DOL rejected the petitioner's VEOA complaint as untimely filed. The Board found that it was without authority to revisit DOL's determination not to waive the 60-day deadline. *Id.* On review, the Federal Circuit disagreed, stating that "[b]ecause the question of whether section 3330a(a)(2)(A) is subject to equitable tolling was at issue, the [B]oard had the authority and the obligation to consider whether DOL's action was in error." *Id.* at 835; *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 388-90, 392-94, 398 (1982) (concluding that a Federal district court properly declined to dismiss a class action lawsuit alleging sex discrimination against a private employer because, although some of the class members did not timely file a charge of

discrimination with the EEOC, the timeliness requirement was "subject to waiver, estoppel, and equitable tolling").

¶15     Section 3330a(d)(1) of Title 5 of the U.S. Code provides that if DOL fails to resolve a VEOA complaint within 60 days after the filing date, a complainant "may elect to appeal the alleged violation to the Merit Systems Protection Board in accordance with such procedures as the Merit Systems Protection Board shall prescribe." As this language makes clear, it is the VEOA violation, and not DOL's determinations, that the Board reviews. *Shaver*, 106 M.S.P.R. 601, ¶ 8 n.4. The Board has previously interpreted this language as providing that a VEOA appeal before the Board is a de novo proceeding in which the Board is not required to defer to DOL's findings regarding the merits of the individual's complaint. *Id.* And a decision that an appellant did not fulfill the procedural requirements for bringing an appeal to the Board is "on the merits." *Garcia*, 110 M.S.P.R. 371, ¶ 13 & n.4; *see Semtek International Inc. v. Lockheed Martin Corporation*, 531 U.S. 497, 501-03, 506 (2001) (explaining that "over the years the meaning of the term 'judgment on the merits' 'has gradually undergone a change'" and "it has come to be applied to some judgments . . . that do *not* pass upon the substantive merits of a claim" and that "'adjudication on the merits' . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim" in the same court) (internal citations omitted) (emphasis in original).[6]

---

[6] Although the Board denies corrective action on the merits of a VEOA appeal when it determines that an appellant did not timely file his DOL complaint and is not entitled to equitable tolling, *Garcia*, 110 M.S.P.R. 371, ¶ 13 & n.4, "disposition on the merits" has a different meaning for purposes of res judicata, *see Semtek*, 531 U.S. at 501-06 (finding that a court's decision to dismiss a case as barred by the applicable statute of limitations did not have "claim-preclusive effect in other courts"); *Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶¶ 9-10 (2010) (concluding that the Board's determination that the Office of Personnel Management properly dismissed a request for reconsideration as untimely is not a decision on the merits for purposes of applying the doctrine of res judicata).

¶16     Consistent with its statutorily granted authority under section 3330a(d)(1) to prescribe procedures for VEOA appeals, the Board has issued regulations regarding such appeals. 5 C.F.R. §§ 1201.57(a)(2), 1208.21-1208.26. These regulations state that the Board reviews the merits of a VEOA appeal for preponderant evidence. *See* 5 C.F.R. § 1201.57(c)(4). This burden of proof is synonymous with de novo review. *See Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1355 (Fed. Cir. 2012) (interpreting the language in 5 U.S.C. § 7701(c)(1) that the Board reviews a chapter 75 adverse action to determine "if the agency's decision . . . is supported by a preponderance of the evidence" as requiring that the Board review the merits of the agency's action de novo); *Licausi v. Office of Personnel Management*, 350 F.3d 1359, 1364 (Fed. Cir. 2003) (concluding that a Board regulation placing the burden on an appellant to prove by preponderant evidence entitlement to retirement benefits "makes clear that the appeal proceeding before the Board [challenging a reconsideration decision by the Office of Personnel Management to deny benefits] constitutes a de novo proceeding").

¶17     The regulation at 5 C.F.R. § 1208.21(a) reiterates the statutory exhaustion requirement and cites the 60-day deadline for filing a DOL complaint. Even when the Board originally contemplated adopting this timeliness provision, its Federal Register notice did not suggest any deference to DOL's timeliness findings. *See* Practices & Procedures for Appeals Under the Uniformed Services Employment and Reemployment Rights Act & the Veterans Employment Opportunities Act, 65 Fed. Reg. 5410-01, 5411 (Feb. 4, 2000) ("VEOA establishes statutory filing time limits for each stage of the redress procedure. . . . VEOA does not provide for waiver of any of its statutory filing time limits for good cause.").

¶18     The Board later added 5 C.F.R. § 1208.21(b) to reflect the ruling in *Kirkendall*, 479 F.3d 830, that the 60-day deadline for filing a VEOA complaint is subject to equitable tolling. Practices & Procedures, 77 Fed. Reg. 33663-01,

33670, 33681 (June 7, 2012). Section 1208.21(b) states that the 60-day filing deadline set forth in 5 U.S.C. § 3330a(a)(2)(A) "is subject to the doctrine of equitable tolling, which permits the Board to extend the deadline where the appellant, despite having diligently pursued his or her rights, was unable to make a timely filing." By stating that equitable tolling "permits the Board to extend the deadline," this provision plainly contemplates that the Board will make its determination regarding tolling independent of DOL's findings on the issue.

¶19        Before, and even after, the 2007 decision in *Kirkendall* and the Board's 2012 Federal Register notice recognizing the import of *Kirkendall*, the Board issued decisions suggesting that it would defer to DOL regarding timeliness and waiver; in some instances, the Board found such deference appropriate even when DOL had only implicitly considered the issue. *See, e.g.*, *Gingery v. Department of the Treasury*, 119 M.S.P.R. 43, ¶ 19 (2012) (suggesting that the Board can deny corrective action based on the untimeliness of a DOL complaint only if DOL has not recognized the timeliness issue, excused the appellant's lateness, and investigated the substance of the complaint); *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 16 n.3 (2012) (not addressing the issues of timeliness or waiver on the assumption that, because DOL addressed an untimely VEOA complaint on the merits, DOL had elected to waive the timeliness requirement); *Letchworth v. Social Security Administration*, 101 M.S.P.R. 269, ¶ 4 n.2 (2006) (concluding that an administrative judge erred in dismissing a VEOA appeal based on an appellant's untimely filed DOL complaint because, as relevant here, DOL waived any timeliness issue by issuing a decision on the merits); *Waddell v. U.S. Postal Service*, 94 M.S.P.R. 411, ¶ 11 (2003) (determining that the Board lacked the authority to review DOL's determination that a VEOA complaint was timely filed or, if not, to waive the deadline). In conducting de novo review, the Board does not defer to DOL's findings, regardless of whether they are implicit or explicit. *Shaver*, 106 M.S.P.R. 601, ¶ 8 n.4.; *see Elias v. Department of Defense*, 114 F.3d 1164, 1166-67 (Fed. Cir. 1997) (explaining that when the Board

conducts de novo proceedings, it does not defer to an agency's decision not to extend a deadline). We overrule prior Board decisions that conditioned Board review of the timeliness and equitable tolling of a DOL complaint on whether DOL had addressed the issue.

<u>The administrative judge properly concluded that the appellant's VEOA complaint was untimely filed.</u>

¶20 On review, the appellant reasserts that his DOL complaint should be deemed timely filed in October 2017, when he filed his OSC complaint as to his nonselection for the Support Services Supervisor position.[7] PFR File, Tab 1 at 7; IAF, Tab 4 at 5-6, 14, 17. We affirm the administrative judge's finding that the appellant untimely filed his DOL complaint.

¶21 As the administrative judge correctly observed, it is undisputed that the appellant learned that he was not selected for a Support Services Supervisor position on August 9, 2017, and that he was not selected for the VSR position on October 4, 2017. ID at 13; IAF, Tab 4 at 63, 95; PFR File, Tab 1 at 6-7. Therefore, his March 5, 2018 complaint to DOL was untimely filed by over 4 months and over 3 months, respectively. ID at 13. Further, although the appellant argues that he timely filed his DOL complaint in the wrong forum, we agree with the administrative judge that this assertion implicates equitable tolling rather than the timeliness of the complaint. PFR File, Tab 1 at 7; *see Kerr v. Merit Systems Protection Board*, 908 F.3d 1307, 1312 (Fed. Cir. 2018) (recognizing that it may be appropriate to equitably toll a filing deadline when a

---

[7] To the extent that the appellant argues on review that the administrative judge erred by raising the timeliness issue sua sponte, we disagree. PFR File, Tab 1 at 7. An administrative judge has broad authority to control the proceedings before him, including the authority to ensure that the record on significant issues is fully developed and to adjudicate the case. 5 C.F.R. § 1201.41(b)(5)(ii)-(iii), (9); *see Lopes v. Department of the Navy*, 119 M.S.P.R. 106 (2012) (recognizing that an administrative judge has broad discretion to control the proceedings before him); 5 C.F.R. § 1201.115(e) (stating that, although the Board generally only considers issues raised by the parties on review, it reserves the authority to consider any issue in an appeal before it).

party files "in the wrong forum") (citing, among other cases, *Irwin*, 489 U.S. at 96 (providing examples of situations in which tolling might be appropriate) (citations omitted), and *Burnett v. New York Central Railroad Company*, 380 U.S. 424, 424-26, 434-35 (1965) (concluding that a Federal district court erred by not tolling the filing period for an untimely complaint when the plaintiff had previously mistakenly filed his complaint in state court before the deadline passed)); *Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶¶ 8-9, 13-14 (2009) (finding that it was inappropriate to equitably toll an untimely filed VEOA complaint when the appellant did not show, as relevant here, that he timely raised his veterans' preference claim in another forum). Accordingly, we affirm the administrative judge's finding that the appellant did not timely file his DOL complaint.

¶22 On review, the appellant argues that the administrative judge should have granted him a hearing on the timeliness issue. PFR File, Tab 1 at 6, Tab 3 at 7-8. VEOA appellants do not have an unconditional right to a hearing before the Board. *Oram*, 2022 MSPB 30, ¶ 9; 5 C.F.R. § 1208.23(b). Instead, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Oram*, 2022 MSPB 30, ¶ 9.

¶23 As addressed above, we agree with the administrative judge that determinations regarding the timeliness of a DOL complaint and whether to equitably toll the deadline are determinations on the merits and thus may be decided without a hearing if there is no genuine dispute of material fact. ID at 1-2, 11-12; *see Garcia*, 110 M.S.P.R. 371, ¶ 13 & n.4. Because there is no factual dispute over the date the appellant filed his DOL complaint or the dates he received notice that he had not been selected for the two positions, we discern no error by the administrative judge in finding, based on the written record, that the appellant untimely filed his DOL complaint.

<u>The administrative judge should have held the appellant's requested hearing on the issue of equitable tolling as to the Support Services Supervisor position.</u>

¶24 The administrative judge found that the appellant did not establish a dispute of material fact that would entitle him to a hearing on the issue of whether the delay in filing his DOL complaint should be equitably tolled. ID at 13-21. In doing so, he concluded that the appellant had not raised his VEOA claims with OSC until late February 2018. ID at 18-21. The appellant challenges this finding on review only as to the Support Services Supervisor vacancy.[8] PFR File, Tab 1 at 7-9. As explained below, we disagree with the administrative judge's finding that the appellant did not establish a genuine dispute of material fact as to the Support Services Supervisor position and remand for a hearing on the question of whether the delay in filing the complaint as to the nonselection for that position should be equitably tolled.

¶25 Filing a claim in the wrong court may be a basis to equitably toll a deadline when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Kerr*, 908 F.3d at 1313 (quoting *Irwin*, 498 U.S. at 96 & n.3). In the analogous circumstance of a plaintiff who filed a lawsuit in a court that had jurisdiction over his claim but was not the correct venue, the U.S. Supreme Court found that the statute of limitations was tolled during the period that the plaintiff's action was pending before the wrong court. *Burnett*, 380 U.S. at 427-28, 434-35.

¶26 The appellant filed his OSC complaint within 60 days of learning of his nonselection for the Support Services Supervisor position. IAF, Tab 4 at 21, 63.

---

[8] The only evidence in the record that the appellant raised the VSR vacancy to OSC is OSC's March 5, 2018 letter advising him of its final decision to close its file and identifying the VSR vacancy for this first time. IAF, Tab 4 at 44-45. He could not have raised his nonselection for the VSR vacancy in October 2017, when he filed his OSC complaint, because he did not learn of it until 2 to 3 days later. *Id.* at 21, 95. Further, OSC did not begin processing his complaint until February 2018. IAF, Tab 1 at 11, Tab 4 at 7, 40-43. Thus, the record supports the administrative judge's finding that, more likely than not, the appellant first raised the VSR vacancy to OSC in February 2018.

In a sworn statement below, the appellant asserted that he raised a VEOA claim in his OSC complaint. *Id.* at 4, 7. The appellant's statement relied on his OSC complaint; therefore, we look to the complaint itself to determine if the appellant raised a violation of his veterans' preference rights. *Id.* at 7, 21-36. In his complaint, the appellant identified himself "[a]s a ten-point veteran preference applicant" and asserted that he was "denied being considered for a position for which [he] believe[d] [he was] qualified." *Id.* at 25-26, 31. Specifically as to his qualifications, he asserted that the agency failed to account for relevant job experience that he listed on the résumé that he submitted with his job application for the Support Services Supervisor position. *Id.* at 25-26, 65, 70-71. The Board has jurisdiction over an appellant's claim that a hiring agency did not comply with 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) by failing to "adequately consider[]" his "experience and work history" when reviewing his application. *Miller v. Federal Deposit Insurance Corporation*, 818 F.3d 1361, 1365-67 (Fed. Cir. 2016). This scenario is precisely what the appellant alleged occurred in his OSC complaint. IAF, Tab 4 at 25-26, 31.

¶27 We recognize that, as the administrative judge observed, the appellant went on to allege that the agency did not credit his experience in reprisal for whistleblowing. ID at 17-19; IAF, Tab 4 at 26, 31. Further, the appellant did not draw a connection in his OSC complaint between his status as a preference eligible and the agency's decision not to hire him. IAF, Tab 4 at 25-26, 31. However, we disagree with the implication that the appellant was required to specifically allege that the agency violated VEOA or his veterans' preference rights in his OSC complaint or cite to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d).

¶28 The purpose of 5 U.S.C. § 3330a is "to assist veterans in obtaining gainful employment with the federal government and to provide a mechanism for enforcing this right." *Kirkendall*, 479 F.3d at 841. The Board has declined to find that an appellant failed to state a claim under VEOA when he did not identify

the statute or regulation that he believed an agency violated, as required under 5 C.F.R. § 1208.23(a)(3). *Young v. Federal Mediation and Conciliation Service*, 93 M.S.P.R. 99, ¶ 7 (2002), *aff'd*, 66 F. App'x 858 (Fed. Cir. 2003). Similarly, in the context of a VEOA claim, the Board has favorably analogized to the rule applicable to claims arising under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) that an appellant can establish Board jurisdiction without making explicit reference to USERRA or any of its provisions, so long as the appellant articulates facts sufficient to assert a claim. *Id.*, ¶ 6 (citing *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998) (finding that an appellant established jurisdiction over a USERRA appeal based on her factual allegations before the Board even though she did not "mention USERRA or . . . make any allegation of discrimination" based on her uniformed service)). By alleging that he was a preference eligible and that the agency's conduct in connection with his nonselection violated an identifiable veterans' preference requirement, the appellant raised a VEOA claim in his OSC complaint as to the Support Services Supervisor job. Therefore, we remand the appeal to the administrative judge for further proceedings, including the appellant's requested hearing, and a determination as to whether the circumstances here warrant equitably tolling the deadline. IAF, Tab 1 at 2.

¶29 As to the VSR position, the administrative judge determined that the appellant did not raise a genuine dispute of material fact in support of his argument that the unavailability of the OSC investigator handling the appellant's complaint caused him to miss his DOL complaint filing deadline. ID at 17, 19-20; IAF, Tab 4 at 7, 40-43. The appellant disputes that finding on review. PFR File, Tab 1 at 8-9. For the reasons explained below, we agree with the administrative judge.

¶30 The appellant has the burden of establishing that equitable tolling is warranted under the circumstances. *Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶ 12. Equitable tolling is a rare remedy that is to be applied in

unusual circumstances and generally requires a showing that the appellant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Id.*, ¶ 8. One of the bases for equitably tolling a deadline is if an agency misleads an appellant into missing a deadline by providing inaccurate information. *Hemann v. Department of Veterans Affairs*, 2022 MSPB 46, ¶¶ 1, 7, 9-20 (finding that the deadline for filing the appeal would be equitably tolled when the appellant's former employing agency inaccurately advised him that he had 30 days, instead of 10 business days, to appeal his removal under 38 U.S.C. § 714). Here, the appellant does not state that OSC provided him with inaccurate information. Rather, his claim is that the OSC investigator was not available to advise the appellant to file a DOL complaint within 60 days of his nonselection. IAF, Tab 4 at 7. We agree with the administrative judge that the appellant's assertions do not provide a basis for concluding that he exercised due diligence or that extraordinary circumstances stood in his way.[9]

¶31 Accordingly, we remand this case to the Western Regional Office. On remand, the administrative judge shall allow the parties to submit further evidence and argument and hold a hearing on the issue of whether to equitably toll the appellant's untimely filed DOL complaint as to his nonselection for the Support Services Supervisor position. The administrative judge shall then issue a remand initial decision. In his remand initial decision, the administrative judge should incorporate his findings that the appellant's DOL complaint was untimely filed and that he did not establish a dispute of material fact entitling him to

---

[9] A factual dispute is "material" for purposes of creating a genuine dispute of material fact entitling an appellant to a hearing on the merits of his VEOA appeal if, under the governing law, its resolution could affect the outcome. *Oram*, 2022 MSPB 30, ¶ 9 & n.5. The appellant's assertions here, even if true, do not provide a basis for tolling the 60-day deadline as to the VSR position and, therefore, are not material to that issue. The administrative judge essentially found as much. ID at 19-21. To the extent that the administrative judge found, in the alternative, that the appellant's statements were not credible, that determination was unnecessary to his decision not to equitably toll the deadline. ID at 18-20. Therefore, we do not address the appellant's arguments on review contesting the administrative judge's credibility findings. PFR File, Tab 1 at 8.

equitable tolling of his untimely complaint as it concerns the VSR position, as modified to eliminate his reliance on credibility determinations.

## ORDER

¶32     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Opinion and Order.


*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.