**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MELVIN L. COSELY SR.,
             Appellant,

       v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
DE-3330-25-0129-I-1

DATE: April 3, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Melvin L. Cosely Sr., North Chesterfield, Virginia, pro se.

Leah S. Serrano, Washington, D.C., for the agency.

April Emerson and Larry F. Estrada, Los Angeles, California,
    for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal alleging that the agency violated his veteran's preference under the Veterans Employment Opportunities Act of 1998 (VEOA) when it denied him the opportunity to compete for two vacancies. For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the finding dismissing the appellant's VEOA claims for lack of jurisdiction, and REMAND the case to the Denver Field Office for further adjudication of the appellant's Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) claim in accordance with this Remand Order.

## BACKGROUND

On January 31, 2025, the administrative judge docketed this appeal concerning the appellant's allegation that the agency violated his veteran's preference under VEOA and USERRA when it denied him the opportunity to compete. Initial Appeal File (IAF), Tab 2. The administrative judge issued an order informing the appellant of the criteria required to meet his burden of proving jurisdiction over a VEOA appeal, including the exhaustion and timeliness prerequisites that must be fulfilled to pursue a VEOA claim with the Board. IAF, Tab 4. In response, the appellant alleged that he was denied the opportunity to compete in 2017 under vacancy announcement NCFV170804102338 and in 2019 under vacancy announcement NCFV183216989095S, and that he believed the Board had jurisdiction over the appeal under USERRA and VEOA. IAF, Tab 5 at 8, 19, Tab 8 at 15.

Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tabs 5, 7-8, Tab 9, Initial Decision (ID) at 1, 6. She reasoned that the appellant had previously filed an appeal in December 2019 alleging that the agency violated his veteran's preference under VEOA when it denied him the opportunity to compete in 2017 under vacancy announcement NCFV170804102338, and in 2019 under vacancy announcement NCFV183216989095S. ID at 5; *Cosely v. Department of the Army*, MSPB Docket No. DC-3330-20-0207-I-1, Initial Appeal File (0207 IAF), Tab 1 at 10. On April 21, 2020, the administrative judge assigned to the appeal

issued an initial decision dismissing for lack of jurisdiction the appellant's claim as to the 2017 vacancy announcement because the appellant had not established that he had exhausted his administrative remedy with the Department of Labor (DOL) as to that vacancy. 0207 IAF, Tab 6 at 1, 5-6, Tab 9, Initial Decision (0207 ID) at 2 n.1. As to the appellant's claim concerning the 2019 vacancy announcement, the administrative judge found that the Board had jurisdiction over the appeal but denied the appellant's claim for corrective action under VEOA on the merits. 0207 IAF, Tab 6 at 2-3; 0207 ID at 2-4. That initial decision became the final decision of the Board on May 26, 2020, when neither party petitioned for review. 0207 ID at 4. Thus, the administrative judge here found that the appellant's claim as to the 2017 vacancy announcement was barred by collateral estoppel and that his claim as to the 2019 vacancy announcement was barred by res judicata. ID at 4-6.

The appellant has filed a petition for review, arguing that the preclusive doctrines of collateral estoppel and res judicata do not apply. Petition for Review (PFR) File, Tab 1 at 23-31, 33. He argues that the Board has jurisdiction over this appeal as a mixed case. *Id.* at 5, 17-20. He alleges that the agency's actions constitute discrimination or other prohibited personnel practices and denied him due process. *Id.* at 6, 9-11, 18, 30. Lastly, he argues that the administrative judge did not consider his claim under USERRA. *Id.* at 6, 29. The agency has responded, and the appellant has replied. PFR File, Tabs 3-4.

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly dismissed the appellant's claims under VEOA.</u>

*The 2017 vacancy announcement is barred by collateral estoppel.*

Collateral estoppel, or issue preclusion, is appropriate when the issue is identical to that involved in the prior action, the issue was actually litigated in the prior action, the determination of the issue in the prior action was necessary to the resulting judgment, and the party against whom issue preclusion is sought had

a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). The "actually litigated" element is satisfied when the issue was "properly raised by the pleadings, was submitted for determination, and was determined." *Johnson v. Department of the Air Force*, 92 M.S.P.R. 370, ¶ 13 (2002) (quoting *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001). The Board has held that collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 11 (2003).

Here, the administrative judge correctly found that both appeals decided the same jurisdictional issue necessary to determining whether the Board has jurisdiction over the appellant's claim that he was denied the opportunity to compete under VEOA for the 2017 vacancy announcement NCFV170804102338, i.e., whether the appellant exhausted his administrative remedy by filing a complaint with DOL. ID at 5-6; 0207 IAF, Tab 6 at 1, 5-6; 0207 ID at 2 n. 1. She also correctly determined that the issue was actually litigated in the prior appeal because the administrative judge assigned to the appeal provided the appellant with notice of his burden of establishing jurisdiction over his VEOA appeal, including the exhaustion and timeliness requirements; both parties were given an opportunity to respond; and the issue was determined when the administrative judge found that the appellant had not exhausted his 2017 claim with DOL. 0207 IAF, Tab 2 at 2-3, Tab 6 at 1, 5-6; 0207 ID at 2 n. 1. Also, as noted above, the initial decision dismissing the appellant's 2017 claim for lack of jurisdiction became final when neither party petitioned for review. 0207 ID at 4; *see Wade v. Department of the Air Force*, 70 M.S.P.R. 396, 398 (holding that

collateral estoppel may only be applied when there is a final judgment in the previous litigation), *aff'd*, 104 F.3d 375 (Fed. Cir. 1996) (Table). Thus, we agree with the administrative judge that the elements of collateral estoppel are satisfied.

The appellant argues on review that the 2017 vacancy was exhausted with DOL as evidenced by DOL's November 21, 2019 close-out letter, PFR File, Tab 1 at 21; however, that letter pertains only to the 2019 vacancy announcement and does not discuss the 2017 vacancy announcement, NCFV170804102338. IAF, Tab 8 at 37; *see Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 16 (2009) (finding that the appellant failed to show that he exhausted his administrative remedies with DOL with respect to nine positions when his evidence of exhaustion pertained to another position or to vacancies at another agency). Thus, the appellant has not shown below or on review that he has cured the prior jurisdictional defect by exhausting his 2017 claim with DOL for his claim to now be viable. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 338 (1995). Therefore, we agree with the administrative judge that the doctrine of collateral estoppel precludes the appellant from relitigating the 2017 vacancy announcement in this appeal.

> *The appellant's remaining claim concerning his 2019 vacancy announcement is barred by res judicata.*

Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree*, 66 M.S.P.R. at 337. Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

Here, the administrative judge correctly determined that the appellant introduced uncontested evidence showing that the position identified by the 2019

vacancy announcement number NCFV183216989095S at issue here was actually litigated in *Cosely v. Department of the Army*, MSPB Docket No. DC-3330-20-0207-I-1, Initial Decision (April 21, 2020), and that decision became final when neither party filed a petition for review. IAF, Tab 8 at 43-45; 0207 IAF, Tab 1 at 3-6, 10; 0207 ID at 4. As explained above, in that VEOA appeal, the administrative judge found that the Board had jurisdiction over the 2019 vacancy, but he denied the appellant's request for corrective action under VEOA on the merits. 0207 IAF, Tab 6 at 2-3; 0207 ID at 2-4. Therefore, we agree with the administrative judge that the doctrine of res judicata precludes the appellant from relitigating a VEOA claim as to the 2019 vacancy announcement in this appeal. *Roesel*, 111 M.S.P.R. 366, ¶ 15 (finding that the doctrine of res judicata precluded the appellant from relitigating claims that the agency violated his veterans' preference rights with respect to six positions that were the subject of a prior VEOA appeal in which the administrative judge denied the appellant's request for corrective action on the merits).

On review, the appellant claims that the Board has jurisdiction over his VEOA appeal as a mixed case. PFR File, Tab 1 at 5, 17-20. We disagree. Below, the appellant submitted evidence showing that on October 24, 2019, he initiated contact with the agency's EEO counselor and that, on December 9, 2019, he filed a formal complaint over the same nonselections at issue in this appeal. IAF, Tab 8 at 258. However, the U.S. Court of Appeals for the Federal Circuit has explained that absent exhaustion of the administrative remedy by filing of a complaint with DOL, the Board simply has no jurisdiction to hear a VEOA appeal, and an appellant's claim that he filed an EEO complaint with the agency is insufficient to exhaust an administrative remedy through DOL. *Hill v. Merit Systems Protection Board*, 484 F. App'x 484, 487 n.5 (Fed. Cir. 2012); *see generally Roesel*, 111 M.S.P.R. 366, ¶ 7 (stating VEOA's requirement of DOL exhaustion). This evidence could be relevant to a claim of equitable tolling, for example, if the appellant failed to timely file his complaint with DOL and the

Board dismissed his appeal due to the untimely filing. *Salazar v. Department of Veterans Affairs*, 2024 MSPB 11, ¶¶ 21, 25 (finding that the appellant's claim that he timely filed his DOL complaint in the wrong forum may provide a basis for equitable tolling). However, because the VEOA appeal here was not dismissed based on timeliness, such evidence is not relevant. *See Midyett v. Merit Systems Protection Board*, 594 F. App'x 969, 973 (Fed. Cir. 2014) (explaining that evidence regarding equitable tolling is not applicable when the Board dismissed the appeal for lack of jurisdiction when the appellant failed to meet his burden to show that he exhausted administrative remedies with DOL).[2]

As for the appellant's remaining arguments that the agency's actions constitute discrimination or other prohibited personnel practices and denied him due process, it is well settled that absent a viable VEOA claim or other appealable action, the Board cannot consider these claims. PFR File, Tab 1 at 6, 9-11, 18, 30; *see Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 8 (2009); *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007); *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶¶ 10-12 (2001).

<u>Remand is necessary for the administrative judge to provide the appellant proper *Burgess* notice for the appellant's USERRA claim.</u>

The Board might have jurisdiction over a nonselection under the USERRA. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 7 (2006). To establish Board jurisdiction over a USERRA claim arising under 38 U.S.C. § 4311(a), an appellant must make nonfrivolous allegations that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to

---

[2] The Board may follow nonprecedential Federal Circuit decisions that it finds persuasive, as we do here. *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010).

the performance of duty or obligation to perform duty in the uniformed service. *Hau*, 123 M.S.P.R. 620, ¶ 11.

The appellant argues on review that the administrative judge did not consider his claim under USERRA. PFR File, Tab 1 at 6, 29. We agree. Although the appellant's submissions below lacked clarity, he consistently alleged in his initial submission and in his responses to a VEOA jurisdiction order that he believed that the Board had jurisdiction over his nonselection claims under USERRA. IAF, Tab 2 at 1, Tab 5 at 8, Tab 8 at 9, 15. A claim of discrimination under USERRA should be broadly and liberally construed to determine whether it is nonfrivolous, particularly when, as here, the appellant is pro se. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010). However, the administrative judge did not issue another order apprising the appellant of the showing he was required to make to establish Board jurisdiction over his USERRA claim.[3] *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Moreover, neither the agency's response nor the initial decision set forth the burdens and elements of proof to establish Board jurisdiction over the USERRA claim. IAF, Tab 7 at 6-7; ID at 2-5; *see Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order, or if the initial decision itself put the appellant on notice of what he must do to establish jurisdiction so as to afford him the opportunity to meet his jurisdictional burden for the first time on petition for review).

---

[3] USERRA does not impose a time limit for filing an appeal with the Board, and an appellant can file a USERRA complaint directly to the Board without filing a complaint with DOL. *Nahoney v. U.S. Postal Service*, 112 M.S.P.R. 93, ¶ 19 (2009); *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 12 (2007).

We therefore find it appropriate to remand this appeal so that the administrative judge can inform the appellant of his burdens and elements of proof on his USERRA claim, afford him an opportunity to show that his appeal is within the Board's jurisdiction, and, if the appellant makes the requisite showing, adjudicate the claim on the merits.

## ORDER

For the reasons discussed above, we remand the case to the Denver Field Office for further adjudication in accordance with this Remand Order. The administrative judge should incorporate by reference our analysis and disposition of the appellant's VEOA claim in the new initial decision on the USERRA claim so that the appellant will have a single decision with appropriate notice of appeal rights addressing both of his claims. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.